IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-848-WYD-MJW

ATLANDIA IMPORTS, INC. d/b/a ICELANDIC DESIGN, a Colorado corporation

    Plaintiff,

v.

WOOLRICH, INC.

    Defendant

---

## CONFIDENTIALITY PROTECTIVE ORDER

This cause coming to be heard on the motion of the parties for Entry of a Protective Order, the Court having been fully advised and finding good cause for the entry hereof,

IT IS ORDERED:

This Order shall govern the use, handling and disclosure of all documents, testimony or other materials, including all notes, testimony, court papers and other materials containing information derived therefrom, that any party (the "Producing Party") maintains contains trade secret, proprietary or confidential information, the public disclosure of which could injure the Producing Party's business or other valid interests (the "Confidential Information") provided that the Producing Party identifies the materials to be treated as Confidential Information in accordance with the terms set out below.

2    Producing Party shall identify documents or other tangible materials, or portions thereof, containing Confidential Information at the time of production by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment

is desired, "Confidential" or "Confidential-Attorneys' Eyes Only." A Producing Party shall identify testimony as containing Confidential Information at the time the testimony is given by inserting a designation in the record that the proffered testimony (or portion thereof) is "Confidential" or "Confidential-Attorneys' Eyes Only" and requesting the exclusion of parties not entitled to have access thereto from the room.

3. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within five (5) days after the time the notice is received, it shall be the obligation of the Producing Party to file an appropriate motion [consistent with D.C.COLOLCivR 7.2 and 7.3] requesting the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Confidential-Attorneys' Eyes Only and shall not thereafter be treated as Confidential Information in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential or Confidential-Attorneys' Eyes Only shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Confidential-Attorneys' Eyes Only.

4. No Confidential Information (regardless of how it is communicated) including, but not limited to, all documents, testimony or other material that refers, reflects or otherwise discusses Confidential Information, shall be used, directly or indirectly, by any person, including

2

attorneys, experts and parties for any business, commercial or competitive purpose or for any purpose whatsoever other than solely for the preparation of and use in this action.

5.  Once the information in question is deemed protected as described in paragraphs and 2, above, except with the prior written consent of the Producing Party or pursuant to a further Order of this Court obtained after due notice to the Producing Party, no document, transcript, pleading or other material containing or derived from Confidential Information may be disclosed in any fashion to any person other than as follows:

(a) Materials containing Confidential Information identified as "Confidential" shall be made available only to:

    i. attorneys for the respective parties who are outside counsel and their legal assistants, clerks and other support staff;

    ii. attorneys for the respective parties who are in-house counsel and their legal assistants, clerks and other support staff;

    iii. designated representatives of a party to this litigation, limited to those persons deemed reasonably necessary to the prosecution and/or defense of the lawsuit;

    iv. bona fide (meaning unrelated to the proffering party or any of its affiliates) experts specially retained as consultants or expert witnesses in connection with the trial of this litigation;

    v. Court officials, personnel and officers, including the presiding judge and support staff and court reporters.

    vi. the parties to this action.

DE052790.007

Persons to whom access to Confidential Information is provided pursuant to subparts (iii) and (iv) shall, prior to gaining access to such Confidential Information, review this Order and sign a Confidentiality Declaration in the form of Exhibit 1 attached hereto. Counsel obtaining the executed Confidentiality Declaration shall retain the original until the conclusion of this action.

  (b)  Materials containing Confidential Information identified as "Confidential-Attorneys' Eyes Only" shall be made available only to those persons set forth in subparts 5(a)(i), 5(a)(iv) (but only after the execution of the Confidentiality Declaration) and 5(a)(v). Materials identified as "Confidential-Attorneys' Eyes Only" shall be designated by the Producing Party sparingly and in good faith with a recognition that it creates additional burdens on the process and prevents consultation between attorney and clients and such designation shall be limited only to information that falls within the Colorado Trade Secrets Act definition of a "trade secret." Such information may include, without limitation, financial and sales information and strategic planning information of the Producing Party and customer information.

  6.  All persons having access to Confidential Information shall be advised of the nature of the materials and the terms of this Order. All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing it to any other person except as provided herein, and are further enjoined from using it except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing Confidential Information shall disseminate or disclose it to any person other than those described above in paragraph 5 and for the purposes specified herein.

7. Nothing set forth herein prevents any party or person from seeking an order after notice to the Producing Party that the identification of Confidential Information should be changed or removed or that a person not designated in paragraph 5 should be given access to the Confidential Information on such terms as the Court will allow. The parties reserve the right to expand, modify, or otherwise alter the restrictions set forth in this Order by written agreement or by application to the Court. Should any party desire to show materials designated Confidential-Attorneys' Eyes Only to a client representative who would not otherwise be permitted to view such materials, that party shall first seek agreement from the Producing Party which agreement shall not unreasonably be withheld, and if the parties are unable to agree, the parties are to follow the procedure set forth in paragraph 3, above.

8. Confidential Information, including Confidential Information identified as "Confidential – Attorneys' Eyes Only," may be used at the trial provided that (i) all parties may be present, (ii) the Producing Party is given advance notice by the listing any such document on the party's Exhibit List thereby providing the Producing Party notice and the opportunity to object to the use of the information, and (iii) should the Court so order, no other person who is not otherwise entitled to have access to the information is present, or as may be otherwise agreed to by the Producing Party.

9. In the event the Court determines that any party has disclosed or misused any Confidential Information in violation of this Order, the party in violation shall pay any actual damages resulting from the violation, and attorneys' fees and costs incurred by the Producing Party to enforce this Order if and as the Court determines appropriate and equitable.

10. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like identified as containing Confidential Information by a Producing Party does in fact contain trade secret, proprietary or confidential information; or (b) as to the competency, relevance or materiality of any thing identified as containing Confidential Information.

11. Within sixty (60) days after the final termination of this action, including after all appellate rights are exhausted, or another time as agreed to by both parties, all documents, transcripts or other materials identified as containing Confidential Information pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in good faith judgment of counsel are work product materials, shall, upon written request, be destroyed or returned to the Producing Party. However, counsel for a party shall be permitted to retain in its files copies of all papers and documents filed in connection with this action.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of the receipt of materials containing Confidential Information.

DATED: October 7, 2005

BY THE COURT:

_____
Judge

L. J. WATANA
[MAG]ISTRATE J[UDGE]

AGREED TO:

/s/ Richard G. Sander
Richard G. Sander
Counsel for Icelandic
Sander Ingebretsen & Parish PC
633 17th Street, Suite 1900
Denver, CO 80202
rsander@siplaw.com

/s/ Leonard H. MacPhee
Leonard H. MacPhee
Counsel for Woolrich
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
lmacphee@perkinscoie.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-848-WYD-MJW

ATLANDIA IMPORTS, INC. d/b/a ICELANDIC DESIGN, a Colorado corporation

    Plaintiff,

v.

WOOLRICH, INC.

    Defendant.

## CONFIDENTIALITY DECLARATION

The undersigned, having read and understood the Confidentiality Protective Order governing the restricted use of certain documents and other information obtained or produced by the parties in connection with the above-captioned case, hereby agrees to be bound by the Confidentiality Protective Order.

Signed this ____ day of _____, 2005.

_____
SIGNATURE